# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

CHASTITY BERGERON,
INDIVIDUALLY AND ON BEHALF
OF HER MINOR CHILDREN, KYLE
BERGERON AND GABRIELLE
BERGERON

VERSUS

JONATHAN FORWOOD, CUMMINS
MID-SOUTH, LLC, ZURICH
AMERICAN INSURANCE COMPANY,
AND THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF
TRANSPORTATION AND
DEVELOPMENT

    CONSOLIDATED WITH

BRADLEY BERGERON

VERSUS

JONATHAN FORWOOD, CUMMINS
MID-SOUTH, LLC, ZURICH
AMERICAN INSURANCE COMPANY,
AND THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF
TRANSPORTATION AND
DEVELOPMENT

**MAR 0 3 2020**

---

In Re:     The State of Louisiana, through the Department of Transportation and Development, applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, No. 127224 c/w 127290.

---

**BEFORE: WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.**

    **WRIT GRANTED IN PART AND DENIED IN PART.** The portions of the trial court's November 22, 2019 judgment which ordered the State of Louisiana, through the Department of Transportation and Development, to produce all complaints generated by third parties regarding the subject intersection for ten years prior to August 16, 2016 and to produce accident report item numbers for each accident occurring within one mile of the subject intersection for five years prior to May 4, 2014 are reversed. The State of Louisiana, through the Department of Transportation and Development, sufficiently met its burden of establishing that this information constituted data collected or compiled specifically pursuant to 23 U.S.C. 409 to foster an effective highway safety improvement program and for use in meeting federal requirements. The motion to compel filed by plaintiff is denied as to the requests directed to the State of Louisiana, through the Department of Transportation and Development, for

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

complaints generated by third parties regarding the subject intersection and for accident report item numbers for each accident occurring within one mile of the subject intersection. The writ is denied in all other respects. We pretermit whether the accident reports could be obtained by plaintiffs through another agency. See **Irion v. State ex rel. Dept. of Transportation and Development**, 98-2616 (La. App. 1st Cir. 5/12/00), 760 So.2d 1220, writ denied, 2000-2365 (La. 11/13/00), 773 So.2d 727, in which accident reports were found not privileged because they were collected and compiled by the Department of Public Safety, not the Department of Transportation and Development, and were not compiled for the purpose of obtaining federal funds or to enforce safety.

**VGW**
**JMG**
**WJB**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT